UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                                          MDL No. 2543

ORDER DENYING REMAND

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Hancock*), which we previously transferred from the Southern District of Ohio to MDL No. 2543, move under Panel Rule 10.3 for an order remanding their action to the transferor court. Responding defendant General Motors LLC opposes the motion to remand.

After considering the argument of counsel, we conclude that remand is not appropriate at this time, and therefore deny plaintiffs' motion. In considering the question of Section 1407 remand, we accord great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge supervises the day-to-day pretrial proceedings in the MDL. *See In re: Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). A transferee judge's suggestion of remand to the Panel, *see* Panel Rule 10.1(b), obviously indicates that "he perceives his role under Section 1407 to have ended." *See In re: Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008) (quoting *In re: Holiday Magic*, 433 F. Supp. at 1126). Here, plaintiffs have not requested, and the transferee judge has not issued, a suggestion of Section 1407 remand. Without a suggestion of remand, a party advocating Section 1407 remand "bears a strong burden of persuasion." *In re: Holiday Magic*, 433 F. Supp. at 1126.

In requesting remand, plaintiffs reiterate arguments opposing transfer of their action to MDL No. 2543 that we previously rejected. They also argue that plaintiff's health condition has deteriorated, and remaining in MDL No. 2543 will cause prejudice and delay. Plaintiffs' counsel complains in an affidavit that they have found it difficult to keep up with proceedings in MDL No. 2543, and that it is nearly impossible to respond to defendants' discovery requests. We find plaintiffs' arguments unpersuasive. Just before filing their motion for Section 1407 remand, General Motors moved to dismiss *Hancock* in the transferee court for failure to comply with plaintiffs' discovery obligations. It is likely that plaintiffs will be required to produce relevant discovery information whether their claims are pending in the transferee court or the transferor court. The Panel's remand procedures cannot be used to avoid discovery obligations. Moreover, we have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

-2-

IT IS THEREFORE ORDERED that the motion for Section 1407 remand of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**　　　　　　　　　　MDL No. 2543

## SCHEDULE A

<u>Southern District of Ohio</u>

HANCOCK, ET AL. v. GENERAL MOTORS LLC D/B/A GENERAL MOTORS COMPANY D/B/A GENERAL MOTORS, C.A. No. 3:17-00309